**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RIVER LIGHT V, L.P. and                     §
TORY BURCH LLC,                             §
                                            §
        Plaintiffs,                         §
                                            §        C.A. NO. 1:13-cv-03669-DLC
                                            §
vs                                          §
                                            §        JURY TRIAL DEMANDED
LIN & J INTERNATIONAL, INC.,                §
LANI KIM, and YOUNGRAN KIM                  §
                                            §
        Defendants.                         §

**FIRST AMENDED ORIGINAL COMPLAINT**

River Light V, L.P. ("River Light") and Tory Burch LLC ("TB LLC") (collectively "Tory Burch") for their claims against Defendants, Lin & J International, Inc. ("Lin & J"), Lani Kim, and Youngran Kim (collectively, "Defendants"), respectfully allege as follows:

**NATURE OF ACTION**

1.      This is an action at law and in equity for trademark counterfeiting, trademark infringement, trademark dilution, copyright infringement, and unfair competition arising from Defendants' unauthorized use of Tory Burch's federally registered trademarks and copyrighted works.

2.      Tory Burch is the exclusive owner of the distinctive logo shown here, (the "TT Logo"), and variations thereof, including the designs shown here,      and (collectively, the "TT Designs") for various goods, including jewelry and accessories.

3.      Tory Burch also is the exclusive owner of the TORY BURCH wordmark for various goods, including jewelry and accessories, including U.S. Reg. 3,428,816. The TT

Designs and the TORY BURCH wordmark are collectively referred to as the Tory Burch Trademarks.

4.     Tory Burch also owns a valid and subsisting copyright registration for its original

TT Logo (U.S. Reg. No. VA 1-768-387) and one of its variations **ᴴᴸ** (U.S. Reg. No. VA 1-880-129) (collectively the "TT Copyrights").

5.     Tory Burch, together with its authorized licensees, offers for sale high quality women's jewelry, clothing, handbags, accessories, eyewear, footwear, and related products at over seventy TORY BURCH retail boutiques, select high-end specialty stores and department stores, and online at toryburch.com. The Tory Burch Trademarks appear on virtually all of Tory Burch's products. The Tory Burch Trademarks are closely and uniquely associated with the TORY BURCH brand and have come to symbolize the high quality that consumers can expect from Tory Burch as the source of such products. Accordingly, Tory Burch enjoys strong consumer loyalty, recognition, and goodwill in the Tory Burch Trademarks.

6.     Tory Burch's claims in the present action arise from Defendants' unauthorized manufacture, production, distribution, advertisement, promotion, marketing, offering for sale, and/or sale of earrings, necklaces, pendants, cuffs, bangles, bracelets, and rings bearing unauthorized reproductions of Tory Burch's famous Tory Burch Trademarks and TT Copyrights (the "Counterfeit Jewelry"). Upon information and belief, Defendants are one of the largest wholesalers of Counterfeit Jewelry in the United States. They sell Counterfeit Jewelry directly to the consuming public, as well as in large quantities to other retailers and wholesalers, who in turn sell such Counterfeit Jewelry directly to other retailers or the consuming public.

7.     Defendants are not connected or affiliated with Tory Burch in any way, nor do they have permission from Tory Burch to use any of the Tory Burch Trademarks or any other

intellectual property belonging to Tory Burch. Rather, Defendants are blatantly exploiting the Tory Burch Trademarks for their own commercial gain, intending to confuse and deceive the public by drawing on Tory Burch's goodwill in the marketplace. By offering for sale the Counterfeit Jewelry, Defendants intend to, and are likely to, cause confusion and to deceive consumers and the public regarding the source of Defendants' merchandise, all to the detriment of Tory Burch.

## JURISDICTION AND VENUE

8.     Tory Burch files this action against Defendants for trademark counterfeiting, trademark infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 *et seq*. (the "Lanham Act"), as well as copyright infringement under 17 U.S.C. § 101, *et seq*., and related claims of unfair competition under the statutory and common law of the State of New York. This Court has subject matter jurisdiction over the trademark and copyright infringement claims under 28 U.S.C. §§1331 and 1338(a).

9.     This Court has supplemental jurisdiction over the state law claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10.    This Court has personal jurisdiction over Defendants because Defendants reside in, are incorporated in and/or are domiciled in this judicial district.

11.    Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arose in this district and Defendants reside in, are incorporated in and/or are domiciled in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391 because a

substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## THE PARTIES

12.     River Light is a subsidiary of TB LLC, and is organized and existing under the laws of the State of Delaware, having its principal place of business at 11 West 19th Street, 7th Floor, New York, New York 10011. River Light is the record owner of the intellectual property, including the Tory Burch Trademarks and TT Copyrights, at issue in the instant action and licenses such trademarks and copyrights exclusively to its affiliate TB LLC in the United States for use and sub-licensing in connection with TB LLC's business.

13.     TB LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 11 West 19th Street, 7th Floor, New York, New York 10011.

14.     Upon information and belief, Defendant Lin & J International, Inc. is a domestic entity located at 39 West 29th Street, 9th Floor, New York, New York 10001. Defendant Lin and J has been served with process and has answered.

15.     Upon information and belief, Defendant Lani Kim is an individual residing in New York, New York, and is the co-owner, co-operator and co-managing agent of Lin & J International, Inc.

16.     Upon information and belief, Defendant Youngran Kim is an individual residing in New York, New York, and is the co-owner, co-operator and co-managing agent of Lin & J International, Inc. Defendant Youngran Kim has been served with process and has answered.

-4-

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### *The Tory Burch Brand and its Designs*

17.     Launched in 2004, Tory Burch, together with its authorized licensees, designs, markets, and sells high-quality women's jewelry, clothing, handbags, accessories, eyewear, footwear, and related products under the TORY BURCH brand and the Tory Burch Trademarks.

18.     Tory Burch is the owner of the entire right, title and interest in and to the Tory Burch Trademarks, and owns various trademark registrations and applications for the TT Designs for a variety of goods and services,[1] including, but not limited to, the following U.S. trademark registrations, and applications, for jewelry:

| Registration/Serial No. | Depiction of Mark | Representative Goods |
|---|---|---|
| U.S. Reg. No. 3,029,795 | | Jewelry |
| U.S. Reg. No. 4,363,739 | | Jewelry |

19.     The registration for the Tory Burch Trademarks are valid, subsisting, and in full force and effect.

---

[1] These registrations also include U.S. Reg. Nos. 4,365,683 and 4,242,007.

-5-

20.     Additionally, Tory Burch has common law trademark rights in the Tory Burch Trademarks for use in connection with jewelry, footwear, handbags, eyewear, apparel, and other goods as well as retail store services, including on-line retail store services.

21.     Tory Burch began selling jewelry bearing the TT Logo and TORY BURCH wordmark at least as early as 2004, and other variations of the TT Designs at least as early as 2010 ("Tory Burch Jewelry"). Tory Burch Jewelry is distributed through a carefully controlled network of authorized retailers, including high-end department stores, select quality boutiques, as well as more than seventy TORY BURCH retail boutiques and Tory Burch's Internet web store located at www.toryburch.com.

22.     Tory Burch maintains strict quality control standards for all Tory Burch Jewelry.

23.     Each year Tory Burch spends substantial resources in marketing and promoting the Tory Burch Trademarks and Tory Burch Jewelry, and sells hundreds of millions of dollars of goods bearing the Tory Burch Trademarks, including millions of dollars of sales of Tory Burch Jewelry.

24.     As a result of Tory Burch's exclusive and extensive use and promotion of the Tory Burch Trademarks for many years, the marks have acquired enormous value and recognition in the United States and elsewhere throughout the world, all of which inures to the benefit of Tory Burch. Consumers, potential customers and other members of the public not only associate the Tory Burch Trademarks with exceptional materials, style and workmanship approved by Tory Burch, but also recognize that merchandise bearing the Tory Burch Trademarks originates exclusively with Tory Burch. Accordingly, the Tory Burch Trademarks are symbols of Tory Burch's quality, reputation, and goodwill and serve as instant source identifiers for Tory Burch's products.

## *Defendants' Infringing Activities*

25. Upon information and belief, Defendants are manufacturing, advertising, promoting, distributing, offering for sale, and/or selling the Counterfeit Jewelry throughout the State of New York including in this judicial district, through their retail store located at 39 West 29th Street, 9th Floor, New York, NY (the "Lin and J Showroom"), as well as throughout the country at well-known industry trade shows and gift fairs.

26. The breadth of Defendants' counterfeiting is extensive, as Defendants have sold at least tens of thousands of pieces of Counterfeit Jewelry. A representative sample of Defendants' activities include, but are not limited to, the following:

- From April to October of 2012, Defendants sold thousands of pieces of Counterfeit Jewelry to a chain retailer in Texas;

- In October and November of 2012, Defendants sold hundreds of pieces of Counterfeit Jewelry to a wholesale jewelry store in Houston, Texas;

- On or around January of 2013, a Tory Burch representative visited the Lin & J Showroom and asked for Tory Burch merchandise. The investigator was shown a variety of Counterfeit Jewelry and told the minimum order was $350. The investigator purchased dozens of pieces of Counterfeit Jewelry from the Lin & J Showroom;

- In January of 2013, Tory Burch identified a wholesaler in Alabama who identified Lin & J as their supplier of thousands of units of Counterfeit Jewelry;

- In February of 2013, Defendants attended the International Fashion & Jewelry Accessory Show in Orlando, Florida. The Counterfeit Jewelry was offered for

sale at that show, and Defendants stated that the minimum order for purchase was $1,000; and

• In March of 2013, Defendants sold more than five thousand pieces of Counterfeit Jewelry to yet another jewelry wholesaler in Texas;

27. Defendants' conduct is willful, as Defendants have at times sold the Counterfeit Jewelry by describing it as "Tory Burch."

28. Furthermore, Defendants have blatantly continued their sales of the Counterfeit Jewelry since the filing of this lawsuit, and upon information and belief, continue to sell to this day, evidencing their willfully infringing conduct. On or about July 16, 2013, a Tory Burch representative purchased dozens of pieces of Counterfeit Jewelry from Lin & J.

29. Upon information and belief, Defendants are falsely representing to purchasers of the Counterfeit Jewelry that Defendants have an arrangement or agreement with Tory Burch that allows Defendants to sell jewelry bearing the Tory Burch Trademarks.

30. The illustration below demonstrates Defendants' unlawful activity by comparing examples of Defendants' unauthorized reproduction of the TT Designs on Counterfeit Jewelry to genuine Tory Burch Products:

| **Genuine Tory Burch Products** | **Counterfeit Jewelry** |
|---|---|
|  | |

-8-







31.    Defendants are not authorized and never have been authorized by Tory Burch to produce, manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing the Tory Burch Trademarks, or any variations thereof.

32.    Upon information and belief, Defendants are aware of the extraordinary fame and strength of the TORY BURCH brand and the Tory Burch Trademarks, and the goodwill associated therewith.  Upon information and belief, Defendants had access to the Tory Burch Trademarks and TT Copyrights prior to Defendants' creation and sale of the Counterfeit Jewelry.

33. Upon information and belief, Defendants are actively using, promoting, and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of Counterfeit Jewelry with the knowledge that such goods will be mistaken for genuine Tory Burch Jewelry. Indeed, as mentioned above, Defendants have sold such Counterfeit Jewelry by describing it as "Tory Burch."

34. Upon information and belief, at all relevant times, Defendants Lani Kim and Youngran Kim who have been doing business in their individual capacities and as the co-owners and/or co-operators of, or in concert with, Defendant Lin & J, contributed directly to these infringing acts by knowingly allowing Lin & J to display and offer for sale the Counterfeit Jewelry. Upon information and belief, Defendants Lani Kim and Youngran Kim personally participated in, directed, and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint. Defendants Lani Kim and Youngran Kim had an obligation and ability to control and stop these infringements, but failed to do so. Upon information and belief, Defendants Lani Kim and Youngran Kim have received, and continue to receive, direct financial benefits from these acts of infringement. These acts and omissions to act by Defendants Lani Kim and Youngran Kim materially contributed to and proximately caused the infringement alleged herein.

35. Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities within this judicial district and elsewhere throughout New York, as well as throughout the United States.

36. Defendants' use of unauthorized reproductions of the Tory Burch Trademarks in connection with the manufacturing, advertising, promoting, distributing, offering for sale, and/or selling of the Counterfeit Jewelry is likely to cause confusion, deception, and mistake in the

minds of consumers, the public, and the trade.   Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between genuine Tory Burch Jewelry and Defendants' Counterfeit Jewelry.

37.   Defendants are engaging in the above-described illegal counterfeiting knowingly and intentionally or with reckless disregard or willful blindness to Tory Burch's rights for the purpose of trading on the goodwill and reputation of Tory Burch.   If Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Tory Burch and the consuming public will continue to be damaged.

38.   Tory Burch has no adequate remedy at law.

39.   Tory Burch is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

40.   The injuries and damages sustained by Tory Burch have been directly and proximately caused by the Defendants' wrongful reproduction, use, manufacture, design, distribution, advertisement, promotion, offering to sell, and sale of their Counterfeit Jewelry.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting – 15 U.S.C. § 1114)

41.   Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

42.   The registrations embodying the Tory Burch Trademarks are in full force and effect, and the Tory Burch Trademarks are entitled to protection under both federal law and common law.

-13-

43.     Defendants, without authorization from Tory Burch, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Tory Burch Trademarks in interstate commerce.

44.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Counterfeit Jewelry is genuine or an authorized product of Tory Burch.

45.     Upon information and belief, Defendants have acted with knowledge of Tory Burch's ownership of the Tory Burch Trademarks and with deliberate intention or reckless disregard to unfairly benefit from the incalculable goodwill inherent in the Tory Burch Trademarks.

46.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

47.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

48.     Upon information and belief, Defendants will continue their infringing acts, unless restrained by this Court.

49.     Defendants' acts have damaged and will continue to damage Tory Burch, and Tory Burch has no adequate remedy at law.

50.     In light of the foregoing, Tory Burch is entitled to and demands injunctive relief prohibiting Defendants from using the Tory Burch Trademarks or any marks identical, substantially indistinguishable, and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Tory Burch has sustained and will

sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

51.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52.     The Tory Burch Trademarks are nationally recognized, including within this judicial district, as being affixed to goods and merchandise originating with Tory Burch.

53.     The registrations embodying the Tory Burch Trademarks are in full force and effect, and entitled to protection under both federal law and common law.

54.     Defendants' unauthorized use of the Tory Burch Trademarks in interstate commerce and advertising of the same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Tory Burch or come from the same source as Tory Burch .

55.     Defendants' use of the Tory Burch Trademarks is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

56.     Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Tory Burch has produced, sponsored,

-15-

authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Tory Burch.

57. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Tory Burch and reap the benefit of Tory Burch's goodwill associated with the Tory Burch Trademarks.

58. As a direct and proximate result of Defendants' willful and unlawful conduct, Tory Burch has been damaged and will continue to suffer damage to its business and reputation unless Defendants are restrained by this Court from infringing the Tory Burch Trademarks.

59. Defendants' acts have damaged and will continue to damage Tory Burch, and Tory Burch has no adequate remedy at law.

60. In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using the Tory Burch Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Tory Burch has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CLAIM FOR RELIEF

### (False Designations of Origin & False Descriptions – 15 U.S.C. § 1125(a))

61. Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

62.     The Tory Burch Trademarks are nonfunctional, inherently distinctive, and have achieved a high degree of consumer recognition and serve to identify Tory Burch as the source of the goods to which the Tory Burch Trademarks are affixed.

63.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Jewelry is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely, to cause such parties to believe, in error, that the Defendants' Counterfeit Jewelry has been authorized, sponsored, approved, endorsed or licensed by Tory Burch, or that Defendants are in some way affiliated with Tory Burch.

64.     Defendants' use of the Tory Burch Trademarks is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control the Tory Burch Trademarks.

65.     Defendants' acts have damaged and will continue to damage Tory Burch and Tory Burch has no adequate remedy at law.

66.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using the Tory Burch Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## **FOURTH CLAIM FOR RELIEF**

### **(Trademark Dilution – 15 U.S.C. § 1125(c))**

67.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

-17-

68.     The Tory Burch Trademarks are strong and distinctive marks and have achieved enormous and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

69.     Defendants have used, in commerce, in connection with the sale of the Counterfeit Jewelry, unauthorized reproductions of the Tory Burch Trademarks, which are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Tory Burch, or as to the origin, sponsorship, or approval of said Counterfeit Jewelry by Tory Burch.

70.     Defendants' acts described above have diluted and continue to dilute the unique and distinctive Tory Burch Trademarks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Tory Burch, causing damage to Tory Burch in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the Tory Burch Trademarks.

71.     Upon information and belief, Defendants' unlawful actions began after the Tory Burch Trademarks became famous.

72.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on the reputation of Tory Burch, and to dilute the Tory Burch Trademarks. Defendants' conduct is willful, wanton, and egregious.

73.     Tory Burch has no adequate remedy at law to compensate Tory Burch fully for the damages that have been caused and which will continue to be caused to Tory Burch by Defendants' unlawful acts unless they are enjoined by this Court.

74.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using the Tory Burch Trademarks, and to recover all damages, including

attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Copyright Infringement – 17 U.S.C. § 101, *et seq.)*

75.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

76.     In addition to its trademark registrations, Tory Burch owns valid copyright registrations in its TT Copyrights.

77.     Tory Burch has complied in all respects with the Copyright Act and with all other laws governing copyright in connection with its registered works. Tory Burch is the proprietor of all rights, title, and interest to the TT Copyrights.

78.     As the owner of the TT Copyrights, Tory Burch is entitled to exclusive use of this design without unauthorized use of the TT Copyrights by third parties.

79.     Given the widespread popularity of the Tory Burch Products bearing the TT Copyrights, Defendants had access to said copyrighted works and, upon information and belief, Defendants have knowingly infringed upon said designs by manufacturing, distributing, advertising and selling identical and/or substantially similar copies of the designs to the public in violation of 17 U.S.C. § 501.

80.     Upon information and belief, Defendants have intentionally, knowingly, and willfully copied the TT Copyrights in order to personally benefit from the widespread customer recognition and acceptance of said designs, and to capitalize upon the market created by said designs.

81.     Upon information and belief, the aforesaid infringements by Defendants of the TT Copyrights occurred and continue to occur with Defendants' knowledge that such designs are copyrighted, and the Defendants, in committing the acts complained of herein, have willfully infringed upon Tory Burch's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, *et seq.*

82.     Defendants' infringements of the TT Copyrights irreparably damage Tory Burch, and Tory Burch is informed and believes that Defendants will continue such infringements unless enjoined by this Court.

83.     Tory Burch has suffered a loss of profits and other damages, and Defendants have earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

84.     Tory Burch has no adequate remedy at law.

85.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using Tory Burch's copyrighted works, including the TT Copyrights, and to recover from Defendants all damages, including attorneys' fees, that Tory Burch has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(b), and attorneys' fees and treble damages pursuant to 17 U.S.C. § 505(b).

## SIXTH CLAIM FOR RELIEF

### (Dilution and Injury to Business Reputation – NY General Business Law § 360-1)

86.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

87. Tory Burch owns federal trademark registrations and has common law rights in the Tory Burch Trademarks as set forth above.

88. Due to Tory Burch's extensive sales of products bearing the Tory Burch Trademarks, and significant marketing and promotional activities of the Tory Burch Trademarks, the Tory Burch Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States and abroad.

89. Through Tory Burch's prominent, long and continuous use in commerce, including commerce within New York, the Tory Burch Trademarks have become and continue to be famous and distinctive.

90. Tory Burch's arbitrary and distinctive Tory Burch Trademarks identify Tory Burch as the source/origin of the goods on which they appear.

91. After the Tory Burch Trademarks became famous, Defendants, without authorization from Tory Burch, began using marks that are confusingly similar to the Tory Burch Trademarks. Defendants' use of unauthorized reproductions of the Tory Burch Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Tory Burch's products. Defendants' unlawful use of the Tory Burch Trademarks in connection with their inferior products also is likely to tarnish the Tory Burch Trademarks and cause blurring in the minds of consumers between Tory Burch and Defendants, thereby lessening the value of the Tory Burch Trademarks as unique identifiers of Tory Burch's products.

92. By the acts described above, Defendants have caused and will continue to cause irreparable injury to Tory Burch's goodwill and business reputation, in violation of New York, General Business Law § 360-1 (2003).

93.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using the Tory Burch Trademarks, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

94.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

95.     Tory Burch owns all rights, title, and interest in and to the Tory Burch Trademarks, including all common law rights in such marks.

96.     Defendants, without authorization from Tory Burch, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Tory Burch Trademarks.

97.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Counterfeit Jewelry originates from, or is affiliated with, sponsored by, or endorsed by Tory Burch.

98.     Defendants' acts constitute trademark infringement in violation of the common law of the State of New York.

99.     Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Tory Burch. Defendants' unlawful

actions have caused Tory Burch damage in an amount presently unknown, but in an amount to be determined at trial.

100. Tory Burch has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

101. Tory Burch has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

102. Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

103. By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

104. Defendants' unlawful acts are causing great and irreparable injury to Tory Burch, and will continue to irreparably harm Tory Burch unless enjoined.

105. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Tory Burch. Defendants' unlawful actions have caused Tory Burch damage in an amount presently unknown, but in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Tory Burch respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A. Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily,

-23-

preliminarily, and permanently enjoined from using the Tory Burch Trademarks, or any marks, designs or designations confusingly similar thereto and the TT Copyrights, including, but not limited to:

(1)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Tory Burch Trademarks and/or the TT Copyrights, or any marks/designs identical, substantially indistinguishable, substantially similar, and/or confusingly similar thereto;

(2)     engaging in any other activity constituting unfair competition with Tory Burch, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Tory Burch;

(3)     engaging in any other activity that would dilute the distinctiveness of the Tory Burch Trademarks; and

(4)     committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Tory Burch;

B.     Ordering Defendants to recall from any distributors and retailers and to deliver to Tory Burch for destruction or other disposition all remaining inventory of Counterfeit Jewelry, or other merchandise bearing the Tory Burch Trademarks, TT Copyrights, or any marks confusingly similar or substantially similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

C.     Ordering Defendants to file with this Court and serve on Tory Burch within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.      Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

E.      Awarding Tory Burch all of Defendants' profits and all damages sustained by Tory Burch as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b).

F.      Awarding treble damages in the amount of Defendants' profits or Tory Burch's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

G.      Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

H.      Awarding Tory Burch statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

I.      Awarding Tory Burch punitive damages in connection with its state law claims; on account of Defendants' willful misconduct and fraud and deceit upon the public; and

J.      Such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Tory Burch hereby demands a trial by jury of all claims in this litigation.

Dated: February 11, 2014

Respectfully submitted,

By: _____

Natalie L. Arbaugh (*admitted pro hac vice*)
Texas Bar No. 24033378
arbaugh@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 Main
(214) 747-2091 Fax

Irene E. Hudson
New York Bar No. IH1466
Hudson@fr.com
FISH & RICHARDSON P.C.
601 Lexington Ave., 52nd Floor
New York, NY 10022-4611
(212) 765-5070 Main
(212) 258-2291 Fax

ATTORNEYS FOR PLAINTIFFS
RIVER LIGHT V, L.P. and
TORY BURCH LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on this 11th day of February, 2014, to the following via ECF:

Howard Z. Myerowitz
Stacy K. Chung
Song Law Firm
400 Kelby Street
Parker Plaza 7th Fl
Fort Lee, NJ 07024
(201) 461-0031
hmyerowitz@songlawfirm.com
kchung@songlawfirm.com

Attorneys for Defendants

_____

Irene E. Hudson