## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RIVER LIGHT V, L.P,. and
TORY BURCH LLC,

                   Plaintiffs,

     v.

LIN & J INTERNATIONAL, INC.,
LANI KIM and YOUNGRAN KIM

                 Defendants.

Civil Action

1:13-cv-03669 (DLC)

**ANSWER TO FIRST AMENDED
ORIGINAL COMPLAINT**

       Lin & J International, Inc. and Youngran Kim (improperly designated as Lani Kim and Youngran Kim) (collectively "Lin & J") through their undersigned counsel, the Song Law Firm, hereby as and for their Answer to the First Amended Original Complaint, set forth the following:

## <u>NATURE OF ACTION</u>

       1.     Lin & J admits that paragraph 1 of the Complaint purports to allege an action for trademark counterfeiting, trademark infringement, trademark dilution and copyright infringement but otherwise denies the allegations in paragraph 1 of the Complaint.

       2.     Lin & J lacks knowledge and information as to the allegations in paragraph 2 of the Complaint and therefore denies the allegations therein. Lin & J specifically denies the allegations in paragraph 2 of the Complaint as to the "variations thereof, including the designs shown here.''

       3.     Lin & J lacks knowledge and information as to the allegations in paragraph 3 of the Complaint and therefore denies the allegations therein.

4.      Lin & J lacks knowledge and information as to the allegations in paragraph 4 of the Complaint and therefore denies the allegations therein. Lin & J specifically denies the allegations in paragraph 4 of the Complaint as to "one of its variations.''

5.      Lin & J lacks knowledge and information as to the allegations in paragraph 5 of the Complaint and therefore denies the allegations therein.

6.      Lin & J denies the allegations in paragraph 6 of the Complaint.

7.      Lin & J denies the allegations in paragraph 7 of the Complaint except admits that Lin & J is not affiliated with Plaintiff Tory Burch other than by way of the instant litigation and by Plaintiffs' attempt to claim rights in Lin & J's own design and trademark by means of this vexatious litigation action.

## JURISDICTION AND VENUE

8.      Lin & J admits that Plaintiffs filed this action purportedly asserting infringement under trademark and copyright law and asserting that the Court has subject matter jurisdiction and denies the rest of the allegations in paragraph 8 of the Complaint.

9.      Lin & J admits that Plaintiffs are purportedly asserting that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) but denies the allegations as alleged in paragraph 9 of the Complaint.

10.     Lin & J denies the allegations as alleged in paragraph 10 of the Complaint.

11.     Lin & J denies the allegation as alleged in paragraph 11 of the Complaint.

## THE PARTIES

12.     Lin & J lacks knowledge and information as to the allegations in paragraph 12 of the Complaint and therefore denies the allegations therein.

13.     Lin & J lacks knowledge and information as to the allegations in paragraph 13 of the Complaint and therefore denies the allegations therein.

14.     Lin & J lacks admits the allegations in paragraph 14 of the Complaint.

15.     Lin & J denies the allegations in paragraph 15 of the Complaint.

16.     Lin & J admits the allegations in paragraph 16 of the Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.     Lin & J lacks knowledge and information as to the allegations in paragraph 17 of the Complaint and therefore denies the allegations therein.

18.     Lin & J lacks knowledge and information as to the allegations in paragraph 18 of the Complaint and therefore denies the allegations therein.

19.     Lin & J lacks knowledge and information as to the allegations in paragraph 19 of the Complaint and therefore denies the allegations therein.

20.     Lin & J lacks knowledge and information as to the allegations in paragraph 20 of the Complaint and therefore denies the allegations therein.

21.     Lin & J lacks knowledge and information as to the allegations in paragraph 21 of the Complaint and therefore denies the allegations therein.

22.     Lin & J lacks knowledge and information as to the allegations in paragraph 22 of the Complaint and therefore denies the allegations therein.

23.     Lin & J lacks knowledge and information as to the allegations in paragraph 23 of the Complaint and therefore denies the allegations therein.

24.     Lin & J lacks knowledge and information as to the allegations in paragraph 24 of the Complaint and therefore denies the allegations therein.

25.     Lin & J denies the allegations in paragraph 25 of the Complaint.

26.     Lin & J denies the allegations in paragraph 26 of the Complaint.

27.     Lin & J denies the allegations in paragraph 27 of the Complaint.

28.     Lin & J denies the allegations in paragraph 28 of the Complaint.

29.     Lin & J denies the allegations in paragraph 29 of the Complaint.

30.     Lin & J denies the allegations in paragraph 30 of the Complaint.

31.     Lin & J denies the allegations in paragraph 31 of the Complaint.

32.     Lin & J denies the allegations in paragraph 32 of the Complaint.

33.     Lin & J denies the allegations in paragraph 33 of the Complaint.

34.     Lin & J denies the allegations in paragraph 34 of the Complaint.

35.     Lin & J denies the allegations in paragraph 35 of the Complaint.

36.     Lin & J denies the allegations in paragraph 36 of the Complaint.

37.     Lin & J denies the allegations in paragraph 37 of the Complaint.

38.     Lin & J denies the allegations in paragraph 38 of the Complaint.

39.     Lin & J denies the allegations in paragraph 39 of the Complaint.

40.     Lin & J denies the allegations in paragraph 40 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting - 15 U.S.C. § 1114)

41.     Lin & J repeats and reiterates each and every response as set forth in paragraphs 1 through 40 above as if set forth more fully herein at length.

42.     Lin & J lacks knowledge and information as to the allegations in paragraph 42 of the Complaint and therefore denies the allegations therein.

43.     Lin & J denies the allegations in paragraph 43 of the Complaint.

44.     Lin & J denies the allegations in paragraph 44 of the Complaint.

45.     Lin & J denies the allegations in paragraph 45 of the Complaint.

46.     Lin & J denies the allegations in paragraph 46 of the Complaint.

47.     Lin & J denies the allegations in paragraph 47 of the Complaint.

48.     Lin & J denies the allegations in paragraph 48 of the Complaint.

49.     Lin & J denies the allegations in paragraph 49 of the Complaint.

50.     Lin & J denies the allegations in paragraph 50 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement - 15 U.S.C. § 1114)

51.     Lin & J repeats and reiterates each and every response set forth in paragraphs 1 through 50 above as if set forth more fully herein at length.

52.     Lin & J lacks knowledge and information as to the allegations in paragraph 52 of the Complaint and therefore denies the allegations therein.

53.     Lin & J lacks knowledge and information as to the allegations in paragraph 53 of the Complaint and therefore denies the allegations therein.

54.     Lin & J denies the allegations in paragraph 54 of the Complaint.

55.     Lin & J denies the allegations in paragraph 55 of the Complaint.

56.     Lin & J denies the allegations in paragraph 56 of the Complaint.

57.     Lin & J denies the allegations in paragraph 57 of the Complaint.

58.     Lin & J denies the allegations in paragraph 58 of the Complaint.

59.     Lin & J denies the allegations in paragraph 59 of the Complaint.

60.     Lin & J denies the allegations in paragraph 60 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (False Designations of Origin & False Descriptions - 15 U.S.C. § 1125(a))

61.     Lin & J repeats and reiterates each and every response set forth in paragraphs 1 through 60 above as if set forth more fully herein at length.

62.     Lin & J denies the allegations in paragraph 62 of the Complaint.

63.     Lin & J denies the allegations in paragraph 63 of the Complaint.

64.     Lin & J denies the allegations in paragraph 64 of the Complaint.

65.     Lin & J denies the allegations in paragraph 65 of the Complaint.

66.     Lin & J denies the allegations in paragraph 66 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution - 15 U.S.C. § 1125(c))

67.     Lin & J repeats and reiterates each and every response set forth in paragraphs 1 through 66 above as if set forth more fully herein at length.

68.     Lin & J denies the allegations in paragraph 68 of the Complaint.

69.     Lin & J denies the allegations in paragraph 69 of the Complaint.

70.     Lin & J denies the allegations in paragraph 70 of the Complaint.

71.     Lin & J denies the allegations in paragraph 71 of the Complaint.

72.     Lin & J denies the allegations in paragraph 72 of the Complaint.

73.     Lin & J denies the allegations in paragraph 73 of the Complaint.

74.     Lin & J denies the allegations in paragraph 74 of the Complaint.

## FIFTH CLAIM FOR RELIEF

**(Copyright Infringement - 17 U.S.C. § 101, *et seq*.)**

75.     Lin & J repeats and reiterates each and every response set forth in paragraphs 1 through 74 above as if set forth more fully herein at length.

76.     Lin & J lacks knowledge and information as to the allegations in paragraph 76 of the Complaint and therefore denies the allegations therein.

77.     Lin & J lacks knowledge and information as to the allegations in paragraph 77 of the Complaint and therefore denies the allegations therein.

78.     Lin & J lacks knowledge and information as to the allegations in paragraph 78 of the Complaint and therefore denies the allegations therein.

79.     Lin & J denies the allegations in paragraph 79 of the Complaint.

80.     Lin & J denies the allegations in paragraph 80 of the Complaint.

81.     Lin & J denies the allegations in paragraph 81 of the Complaint.

82.     Lin & J denies the allegations in paragraph 82 of the Complaint.

83.     Lin & J denies the allegations in paragraph 83 of the Complaint.

84.     Lin & J denies the allegations in paragraph 84 of the Complaint.

85.     Lin & J denies the allegations in paragraph 85 of the Complaint.

## SIXTH CLAIM FOR RELIEF

**(Dilution and Injury to Business Reputation - NY General Business Law § 360-1)**

86.     Lin & J repeats and reiterates each and every response set forth in paragraphs 1 through 85 above as if set forth more fully herein at length.

87.     Lin & J lacks knowledge and information as to the allegations in paragraph 87 of the Complaint and therefore denies the allegations therein.

7

88.     Lin & J lacks knowledge and information as to the allegations in paragraph 88 of the Complaint and therefore denies the allegations therein.

89.     Lin & J lacks knowledge and information as to the allegations in paragraph 89 of the Complaint and therefore denies the allegations therein.

90.     Lin & J lacks knowledge and information as to the allegations in paragraph 90 of the Complaint and therefore denies the allegations therein.

91.     Lin & J denies the allegations in paragraph 91 of the Complaint.

92.     Lin & J denies the allegations in paragraph 92 of the Complaint.

93.     Lin & J denies the allegations in paragraph 93 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

94.     Lin & J repeats and reiterates each and every response set forth in paragraphs 1 through 93 above as if set forth more fully herein at length.

95.     Lin & J denies the allegations in paragraph 95 of the Complaint.

96.     Lin & J denies the allegations in paragraph 96 of the Complaint.

97.     Lin & J denies the allegations in paragraph 97 of the Complaint.

98.     Lin & J denies the allegations in paragraph 98 of the Complaint.

99.     Lin & J denies the allegations in paragraph 99 of the Complaint.

100.    Lin & J denies the allegations in paragraph 100 of the Complaint.

101.    Lin & J denies the allegations in paragraph 101 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

102.    Lin & J repeats and reiterates each and every response set forth in paragraphs 1 through 101 above as if set forth more fully herein at length.

103.    Lin & J denies the allegations in paragraph 103 of the Complaint.

104.    Lin & J denies the allegations in paragraph 104 of the Complaint.

105.    Lin & J denies the allegations in paragraph 105 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' marks are descriptive of the goods offered by Plaintiffs, and have not acquired secondary meaning.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' trademark infringement and dilution claims are barred because Plaintiffs have abandoned the marks.

## FIFTH AFFIRMATIVE DEFENSE

Lin & J has not used Plaintiffs' marks in commerce within the meaning and scope of the Lanham Act.

## SIXTH AFFIRMATIVE DEFENSE

Assuming any infringement has occurred, which Lin & J expressly denies, Lin & J is an innocent infringer under Section 32(2) of the Lanham Act, 15 U.S.C. § 114(2).

## SEVENTH AFFIRMATIVE DEFENSE

9

Plaintiffs' claims are barred by the provisions of N.Y. Gen. Bus. Law § 349(d).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish actual economic harm.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs suffered any damage or injury, which Lin & J expressly denies, the Plaintiffs failed to take the necessary steps to mitigate the damage or injury sustained.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Lin & J's actions were based on good, sufficient, and legal cause, upon reasonable grounds for belief in their jurisdiction, and were taken in good faith and without malice or ill will for Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by license.

## SIXTEENTH AFFIRMATIVE DEFENSE

Lin & J's design of its mark at issue in this action was independently created by Lin & J.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' copyright has been abandoned.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to provide notice on its trademark logos and copyrighted designs and as such are not entitled to damages or damages are limited for failure to provide such notices.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have no title to the copyright and trademarks at issue.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' copyrighted design is in the public domain.

## TWENTY FIRST AFFIRMATIVE DEFENSE

The Complaint is barred by the Statute of Limitations.

## TWENTY SECOND AFFIRMATIVE DEFENSE

There is no signed transfer to Plaintiffs as required to support their copyright claim.

## COUNTERCLAIM

Lin and J International Inc. and Youngran Kim (improperly designated as Lani Kim and Youngran Kim), (collectively "Lin & J" or "Counterclaimants") through their counsel hereby assert the following Counterclaim against River Light V, L.P,. and Tory Burch LLC (collectively "Counterclaim Defendant" and/or Tory Burch) as follows:

## COUNT I

### Common Law Trademark Infringement, Federal Unfair Competition, and False Designation of Origin - 15 U.S.C. § 1125(a)

1.      This is an action for Common Law Trademark Infringement, Federal Unfair Competition, and False Designation of Origin under 15 U.S.C. § 1125(a).

2.      This Court has subject matter jurisdiction over the Common Law Trademark, Federal Unfair Competition and False Designation claims under 28 U.S.C. § 1331 and § 1338(a).

3.      This Court has personal jurisdiction over Counterclaim Defendants River Light V, L.P,. and Tory Burch LLC because they reside in, are incorporated in and/or are domiciled in this judicial district.

4.      Counterclaimant Lin & J International, Inc. ("Lin & J") is a corporation organized under the laws of the state of New York, having a place of business at 39 West 29th Street, 9th floor, New York, NY 10001.

5.      Counterclaimant Youngran Kim is the president of Counterclaimant Lin & J International, Inc.

6.      Lin & J owns the exclusive rights to the trademark produced below (hereinafter the "Isis Cross design") :



7.      Counterclaimant Lin & J has a pending U.S. trademark application for the Isis Cross design, serial no. 85/836,890 and has been using the mark in commerce since as early as January 20, 2009 on jewelry.

8.      Counterclaimant Youngran Kim has been using the predecessor mark produced below, in commerce since as early as September 9, 2003 on jewelry.



9.      On information and belief Counterclaim Defendant Tory Burch has started selling merchandise bearing and infringing on Lin & J's Isis Cross design trademark.

10.     On information and belief these infringing activities by Counterclaim Defendant Tory Burch are willful and with full knowledge of Lin & J's Isis Cross design.

11.     Counterclaim Defendant Tory Burch is not authorized to sell, produce, manufacture, distribute, advertise, offer for sale and/or sell merchandise bearing Lin & J's Isis Cross design.

12.     On information and belief Counterclaim Defendant Tory Burch's illicit activities are extensive in selling merchandise bearing Lin & J's Isis Cross Design trademark.

13.     Counterclaim Defendant Tory Burch's use of the Isis Cross design is likely to lead to and result in confusion, deception and mistake in the minds of consumers, the public and the trade -- **and is intended to do so**.   Counterclaim Defendant Tory Burch's wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing that Lin & J has infringed on Counterclaim Defendant Tory Burch's trademark -- **and is intended to do so** -- all to the detriment of Lin & J.

14.     On information and belief Counterclaim Defendant Tory Burch's actions are deliberate and intended to confuse the public as to the source of Lin & J's goods or services and to injure Lin & J and the goodwill for its products.

15.     By reason of the foregoing, Counterclaim Defendant Tory Burch has violated and continues to violate section 1125(a) of the Lanham Act.

16.     As a result, Lin & J has suffered and is continuing to suffer financial injury in an amount to be determined at trial and Lin & J is entitled to the remedies provided for under15 U.S.C. § 1117 of the Federal Trademark Act.

## COUNT II

### Tortious Interference with Business Relations

17.     Lin & J repeats and realleges each and every allegation contained in paragraphs 1 through 16 of the Counterclaim as if each were fully set forth herein.

18.     Tory Burch has actual knowledge of existing and prospective business relations between Lin & J and its customers.

19.     From on or about March 2013 through May 2013, Tory Burch through its representatives sent letters to not less than thirteen (13) of Lin & J's customers interfering with Lin & J's existing and prospective business relationships, by attempting to discourage and actually discouraging Lin & J's customers from continuing to do business with Lin & J, causing damage to Lin & J's reputation with its customers and resulting in financial harm to Lin & J. *See,* Sample of Tory Burch Letters attached hereto as *Exhibit A.*

20.     Tory Burch then filed baseless lawsuits for trademark infringement and trademark dilution against a number of Lin & J's customers for selling Lin & J's merchandise, in a calculated attempt to further dissuade and deter Lin & J's customers from continuing to do business with Lin & J and to injure Lin & J's' reputation with its customers.

21.     Tory Burch sent these letters in complete disregard of Lin & J's legitimate contractual rights, for the express purpose of interfering with Lin & J's business relationships with its customers.

22.     Tory Burch's actions as set forth above were wanton and willful and taken without regard to Lin & J's legal rights.

23.     As a result of Tory Burch's actions Lin & J has been damaged in an amount to be proven at trial and Lin & J is entitled to punitive damages in an amount to be determined by the Court.

## COUNT III

## Defamation

24.     Lin & J repeats and realleges each and every allegation contained in paragraphs 1 through 23 of the Counterclaim as if each were fully set forth herein.

25.     The letters sent to Lin & J's customers by Tory Burch through its representatives falsely accuse Lin & J of counterfeiting, trademark infringement and other bad acts. *See,* Sample of Tory Burch Letters attached hereto as *Exhibit A*. These statements were made byTory Burch with full knowledge that they were false or with reckless disregard for whether they were false or not.

26.     Tory Burch made the false statements and published the false statements without just cause or excuse, constituting actual malice.

27.     As a direct and proximate result of Tory Burch's tortious conduct, Lin & J has suffered embarrassment, humiliation, emotional distress and mental anguish, injury to its business and professional reputation, and has been caused and will in the future continue to suffer damages.

## COUNT IV

## Abuse of Process

28.     Lin & J repeats and realleges each and every allegation contained in paragraphs 1 through 27 of the Counterclaim as if each were fully set forth herein.

16

29.     The letters sent to Lin & J's customers by Tory Burch through its representatives demand that they stop selling jewelry bearing Lin & J's Isis Cross Design, that they provide Tory Burch with copies of all documents related to Lin & J's products and that they deliver all Lin & J products in their possession to Tory Burch for destruction. *See,* Sample of Tory Burch Letters attached hereto as *Exhibit A.*

30.     The letters sent to Lin & J's customers by Tory Burch through its representatives cite in part to 15 U.S.C. § 1051 et seq., F.R.Civ.P. 26(f) , F.R.Civ.P. 34 and FRE 408.

31.     Followup letters sent to at least some of Lin & J's customers by Tory Burch through its representatives demand payments of as much as one Hundred and Fifty Thousand Dollars ($150,000.).

32.     Followup letters sent to some of Lin & J's customers by Tory Burch through its representatives include draft Complaints which Tory Burch through its representatives threaten to file in Federal Court.

33.     Tory Burch through its representatives has in fact filed at least three lawsuits against Lin & J's customers for selling and or distributing jewelry bearing Lin & J's Isis Cross Design.

34.     Two of those lawsuits have been filed in United States District Court for the Southern District of New York, the same court as the within lawsuit against Lin & J.

35.     Tory Burch's actions as set forth above were wanton and willful, and undertaken for an improper purpose; and, as such, constitute abuse of process.

17

36.     As a result of Tory Burch's actions Lin & J has been damaged in an amount to be proven at trial and Lin & J is entitled to damages and punitive damages in an amount to be determined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Lin & J denies that Tory Burch is entitled to any relief, and therefore prays that the Complaint be dismissed with costs awarded to Lin & J.   Further, Lin & J demands judgment against Tory Burch as follows:

A.     Tory Burch, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using the Isis Cross Designs, or any marks, designs or designations confusingly similar thereto including, but not limited to:

(1)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Isis Cross Designs or any marks/designs identical, substantially indistinguishable, substantially similar, and/or confusingly similar thereto;

(2)     engaging in any other activity constituting unfair competition with Lin & J, or acts and practices that deceive consumers, the public, and/or trade, including falsely accusing Lin & J of counterfeiting, trademark infringement and other bad acts or contacting Lin & J's customers for the purpose of same;

(3)     committing any other act which falsely represents or which has the effect of falsely representing that Lin & J is committing or has committed any such bad acts;

B.     Ordering Tory Burch to recall from any distributors and retailers and to deliver to

Lin & J for destruction or other disposition all remaining inventory of Jewelry, or other merchandise bearing the Isis Cross Designs or any marks confusingly similar or substantially similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

C.      Ordering Tory Burch to file with this Court and serve on Lin & J within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Tory Burch has complied with the injunction;

D      Ordering Tory Burch to disclose its suppliers and manufacturers of Isis Cross Jewelry and products, and provide all documents, correspondence, receipts, and invoices associated with the purchase of same;

E.      Ordering an accounting by Tory Burch of all gains, profits and advantages derived from its wrongful acts;

F.      Awarding Lin & J all of Tory Burch's profits and all damages sustained by Lin & J as a result of Tory Burch's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b).

G.      Awarding treble damages in the amount of Tory Burch's profits or Lin & J's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

H.      Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

I.      Awarding Lin & J statutory damages pursuant to 15 U.S.C. § 1117(c) and 17 U.S.C. § 504(c);

J.      Awarding Lin & J damages and punitive damages in connection with its state law

claims on account of Tory Burch's willful misconduct and fraud and deceit upon the public;

K.      Directing Tory Burch to issue a written apology to Lin & J for defamatory statements made and directing Tory Burch to disseminate same to all relevant persons;    and

L.      Such other relief as may be just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lin & J hereby demands a trial by jury of all claims in this litigation.

Dated: February 27, 2014

Respectfully Submitted,

SONG LAW FIRM


By:     /s/ Howard Z. Myerowitz
Howard Z. Myerowitz, Esq.    (HM0972)
Hmyerowitz@SongLawFirm.com
400Kelby Street, 7th floor
Fort Lee, New Jersey 07024
201-461-0031 (Phone)
201-461-0032 (fax)
**Counsel for Lin & J International, Inc. and Youngran Kim**