UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                 :

RIVER LIGHT V, L.P. and TORY BURCH  :
LLC,                                :
                                 :

                 Plaintiffs,      :      13 Civ. 3669 (DLC)
                                 :

           -v-               :      OPINION & ORDER
                                 :

LIN & J INTERNATIONAL, INC., YOUNGRAN  :
KIM, LJ BRAND, INC., and NJ LIN & J    :
INTERNATIONAL, INC.,                   :
                                 :

                 Defendants.      :
                                 :
------------------------------------ X

APPEARANCES:

For plaintiffs:

Natalie L. Arbaugh
Fish & Richardson PC
1717 Main St., Ste. 5000
Dallas, TX 75201

Irene E. Hudson
Fish & Richardson PC
601 Lexington Ave., 52nd Fl.
New York, NY 10022

For defendants:

Howard Z. Myerowitz
Song Law Firm LLC
400 Kelby St., 7th Fl.
Fort Lee, NJ 07024

DENISE COTE, District Judge:

     Defendants move, pursuant to Rule 36(b), Fed. R. Civ. P.,

to withdraw and amend their deemed admissions to plaintiffs'

requests for admissions ("RFAs").  For the reasons set out below, defendants' motion is granted.

## BACKGROUND

Plaintiffs bring this action for trademark counterfeiting, trademark and copyright infringement, trademark dilution, and unfair competition, alleging that defendants sell jewelry (the "Accused Products") bearing certain designs (the "TT Designs") trademarked by Tory Burch.  Defendants Lin & J International, Inc. and Youngran Kim ("Counterclaimants") bring a counterclaim for trademark infringement, tortious interference, defamation, and abuse of process.  Counterclaimants allege that they have used their design (the "Isis Cross Design") since 2009 and a predecessor mark since 2003.

On November 27, 2013, plaintiffs served on defendants fifty RFAs.  Pursuant to Rule 36(a)(3), Fed. R. Civ. P., defendants' responses to the RFAs were due within 30 days, and any RFA not answered or objected to by that date were deemed admitted. Defendants did not respond to the RFAs until January 31, 2014 (the "January 31 Responses"), more than one month late. Defendants admit that this was due to "inadvertence" and have made no excuse.

Through their RFAs, plaintiffs asked defendants to admit, among other things, that (1) they were aware of the TT Designs

before they began selling the Accused Products; (2) that the
Accused Products "bear the TT Designs" or "at least one mark or
design that is confusingly similar to a TT Design," "contain
marks or designs that are substantially indistinguishable from
the TT Designs," are "counterfeit," and "infringe the TT
Designs"; (3) that defendants knew this when selling the Accused
Products; and (4) that any rights defendants had to a
predecessor to the Isis Cross Design were abandoned.  In the
January 31 Responses, defendants deny each of these things.

On March 3, defendants wrote the Court to request a
conference regarding the parties' dispute over whether
defendants should be permitted to withdraw the deemed admissions
and substitute the January 31 Responses.  Plaintiffs opposed
defendants' request by letter of March 7, and by memorandum
endorsement of March 10, the Court denied defendants' request
for a conference and to withdraw the deemed admissions.  On
March 17, defendants filed a motion to withdraw and amend the
deemed admissions with the January 31 Responses.  The motion was
fully submitted on March 24.  For the reasons set forth below,
defendants' motion is granted.

## DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure permits a
party to request certain admissions from other parties.  Rule 36

promotes "truth-seeking in litigation and efficiency in dispensing justice" by "facilitat[ing] proof with respect to issues that cannot be eliminated from the case and . . . narrow[ing] the issues by eliminating those that can be." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007). RFAs are "not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." Id. (quoting Perez v. Miama-Dade Cnty., 297 F.3d 1255, 1268 (11th Cir. 2002)).

Rule 36(a)(3) provides that a party's responses or objections to an RFA are due within 30 days and that an RFA not answered or objected to by that date is deemed admitted. Rule 36(b) grants courts discretion to permit an admission to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Accord Donovan v. Carls Drug Co., Inc., 703 F.2d 650, 652 (2d Cir. 1983), rejected on unrelated grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988). "Rule 36(b) emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577-78 (11th

Cir. 1988) (citation omitted).

Rule 36(b) does not require that a withdrawal not prejudice the requesting party, for withdrawal of a deemed admission will almost always be to the requesting party's detriment.  Rather, it requires no prejudice to the requesting party's ability to "maintain[] or defend[] the action on the merits."  Fed. R. Civ. P. 36(b) (emphasis added).  "The prejudice contemplated by Rule 36(b) . . . is not simply that the party who obtained the admission now has to convince the [trier of fact] of its truth. Something more is required."  Gwynn v. City of Philadelphia, 719 F.3d 295, 299 (3d Cir. 2013) (quoting Bergemann v. United States, 820 F.2d 1117, 1121 (10th Cir. 1987)).  This prejudice to the requesting party's ability to present its case or its defenses "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."  Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997) (citation omitted).

Courts may consider "whether the moving party can show good cause for the delay, but they are not required to do so," Gwynn, 719 F.3d at 298, as Rule 36(b) does not include an "excusable neglect" requirement.  See FDIC v. Prussia, 18 F.3d 637, 640 (8th Cir. 1994); Charles Alan Wright & Arthur R. Miller, et al., 8B Fed. Prac. & Proc. Civ. § 2257 (3d ed. 2013) ("Though some of

the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, . . . it would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally."); see also In re Durability Inc., 212 F.3d 551, 556 (10th Cir. 2000) (noting, as analogy, that "FRCP 36(b) does not require the moving party to prove excusable neglect") (citation omitted); Hadley v. United States, 45 F.3d 1345, 1348-50 (9th Cir. 1995) (reversing district court's denial of defendant's motion to withdraw deemed admissions without discussion of the cause of defendant's tardiness).[1]  Even where the moving party's neglect is unjustified, a refusal to permit withdrawal of deemed admissions may be an overly harsh sanction when a deemed admission would be dispositive of the litigation and no unfair prejudice would result from withdrawal.

Here, there is no question that permitting withdrawal and amendment of the deemed admissions would "promote the presentation of the merits of the action," Fed. R. Civ. P.

---

[1] As this Court has previously noted, some courts have questioned whether Rule 6(b)'s "excusable neglect" requirement should be imported into Rule 36(b), or similarly whether Rule 6(b), and not Rule 36(b), should apply to requests to withdraw deemed admissions.  See Baker v. David A. Dorfman, PLLC, 99 Civ. 9385 (DLC), 2000 WL 420551, at *6 (S.D.N.Y. Apr. 17, 2000) (citing Sea-Land Serv., Inc. v. Citihope Int'l, Inc., 176 F.R.D. 118, 122 n.10 (S.D.N.Y. 1997)).  The majority position, that excusable neglect need not be shown, is more persuasive, as Rule 36(b) "is tailored more precisely to the purposes of Rule 36

36(b), as the deemed admissions go to the "ultimate issues" in this litigation and may well be dispositive of the action.  See Hadley, 45 F.3d at 1347.  In particular, defendants are deemed to have admitted that the Accused Products are "counterfeit" and infringe plaintiffs' trademarks and copyright, that defendants knew of this when selling them, and that any of defendants' rights with respect to its Isis Cross Design were abandoned.  No meaningful "presentation of the merits" of this action concerning infringement of intellectual property rights would be possible unless these admissions are withdrawn and amended by the January 31 Responses.

And plaintiffs have not established any countervailing prejudice to their ability to maintain their case "on the merits" that would result from withdrawal and amendment. Plaintiffs' RFAs, for the most part, were not attempts to narrow the issues for trial to the parties' core disputes, but rather asked defendants to concede much or all of the litigation by admitting to intentional infringement of plaintiffs' rights, despite the fact that defendants had flatly denied such infringement in their answers.  Plaintiffs have not suggested that they were unfairly prejudiced by relying on these admissions, nor could they reasonably claim surprise at defendants' continued (although belated) denials.  Plaintiffs

generally."  Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2257.

have had the January 31 Responses for months, and have known since defendants filed their answer to plaintiffs' initial complaint on July 17, 2013 that defendants deny that they are selling "Counterfeit Jewelry"; that they are intentionally infringing upon Tory Burch's intellectual property rights; that they have been falsely representing that they have an agreement with Tory Burch to sell jewelry bearing the TT Designs; and that they know the Accused Products "will be mistaken for genuine, high-quality Tory Burch Jewelry."  Fact discovery remains open until April 25, and plaintiffs should have been attempting to gather evidence of intentional infringement throughout the discovery period.

    Plaintiffs simply argue that "the withdrawal of deemed admissions, some of which are case dispositive, [would] prejudice Plaintiffs, because the withdrawal would drastically affect Plaintiffs' position on the merits, as well as the information Plaintiffs must endeavor to obtain in discovery to prove the previously deemed admissions."  The mere fact that plaintiffs will bear the burden of proving their claims -- that is, the bare fact that plaintiffs must win on the merits -- does not establish prejudice to their ability to "maintain . . . the action on the merits."  Fed. R. Civ. P. 36(b).  That plaintiffs requested so many admissions of ultimate liability in this case, despite knowing defendants had denied these requested admissions

in their answers, underscores that plaintiffs' RFAs were largely made "in the hope that [defendants] w[ould] simply concede essential elements" or would miss the 30-day deadline to respond.  Conlon, 474 F.3d at 622.  The Court will not exercise its discretion to protect such deemed admissions.

Plaintiffs also argue that defendants' motion should be denied because defendants' failure to timely respond to the RFAs is part of a pattern of missing discovery deadlines.  While this may be so, it does not outweigh the fact that denying withdrawal will likely bar any presentation of the merits of this action, and that withdrawal will not impose any unfair prejudice on plaintiffs.  Plaintiffs have previously moved for sanctions based on defendants' tardiness, which the Court denied without prejudice to renewal later in this litigation.[2]  If appropriate, plaintiffs may renew that motion at a later date.

## CONCLUSION

Defendants' March 17, 2014 motion to withdraw and amend

---

[2] Plaintiffs also briefly argue that defendants' motion is really a motion to reconsider the Court's denial of plaintiffs' March 3 request for a conference on this topic and permission to withdraw, and that defendants have failed to meet the high bar for reconsideration.  Yet, Rule 36(b) requires that a request for withdrawal and amendment be done by "motion," not by a two-page letter requesting "an informal conference with the Court to resolve [a] pretrial dispute" concerning withdrawal. Accordingly, the standard for reconsideration does not apply here.

deemed admissions is granted.


**SO ORDERED:**

Dated:     New York, New York
           April 4, 2014

                              _____
                                   DENISE COTE
                              United States District Judge