```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
RIVER LIGHT V, L.P. and TORY BURCH       :
LLC,                                     :
                                         :
                    Plaintiffs,          :    13 Civ. 3669 (DLC)
                                         :
         -v-                             :    OPINION & ORDER
                                         :
LIN & J INTERNATIONAL, INC., YOUNGRAN    :
KIM, LJ BRAND, INC., and NJ LIN & J      :
INTERNATIONAL, INC.,                     :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiffs:

Natalie L. Arbaugh
Fish & Richardson PC
1717 Main St., Ste. 5000
Dallas, TX 75201

Irene E. Hudson
Fish & Richardson PC
601 Lexington Ave., 52nd Fl.
New York, NY 10022

For defendants:

Howard Z. Myerowitz
Song Law Firm LLC
400 Kelby St., 7th Fl.
Fort Lee, NJ 07024

DENISE COTE, District Judge:

    Defendants move for leave to file an amended answer and amended counterclaims that add a counterclaim seeking a

declaration of invalidity as to one of plaintiffs' copyrights. For the reasons given below, leave to add the counterclaim is denied.

## BACKGROUND

Plaintiffs River Light V, L.P. and Tory Burch LLC ("Tory Burch") bring this action for trademark counterfeiting, trademark and copyright infringement, trademark dilution, and unfair competition, alleging that defendants sell jewelry bearing certain designs trademarked by Tory Burch.  Plaintiffs filed their initial complaint on May 31, 2013.  Defendants Lin & J International, Inc. ("Lin & J") and Youngran Kim ("Kim") answered on July 18 and interposed counterclaims for trademark infringement, tortious interference with business relations, and defamation.  Defendants allege that they have used their design (the "Isis Cross Design") since 2009 and a predecessor mark since 2003, and that plaintiffs have wrongfully threatened and initiated litigation against defendants' customers.  Defendants amended their answer and counterclaims on August 29, adding a counterclaim for abuse of process.

On consent, and with leave of Court, plaintiffs filed a first amended complaint on February 11, 2014 that added a claim for infringement of a second copyright, U.S. Reg. No. VA 1-880-129 (the "Second Copyright"), which was issued after the filing of the initial complaint.  Defendants answered the first amended

complaint on February 27 and restated their counterclaims, but did not add a counterclaim asserting the invalidity of the Second Copyright.

On March 4, with defendants' consent and leave of Court, plaintiffs filed a second amended complaint (the "Second Amended Complaint") that added as defendants two Lin & J affiliates, LJ Brand, Inc. and NJ Lin & J International, Inc. (the "New LJ Defendants").  The Second Amended Complaint also added certain supplemental allegations that are not at issue here.

On March 10, defendants sought plaintiffs' consent to file an "amended" answer and counterclaims.  On March 26, plaintiffs informed defendants they would not consent to the inclusion of a counterclaim addressed to the validity of the Second Copyright. On March 31, defendants moved for leave to file a "Second Amended Answer With Counterclaim" ("Proposed Answer" and "Proposed Counterclaim," respectively) in order to make certain minor corrections to their answer and to add a counterclaim seeking a declaration of invalidity of plaintiffs' Second Copyright.  No defendant has yet answered the Second Amended Complaint.  Although the notice of motion states that all defendants bring this motion, the proposed amended pleading states it is only on behalf of defendants Lin & J and Kim, not the New LJ Defendants.  The New LJ Defendants had until May 12 to answer or otherwise respond to the Second Amended Complaint,

3

pursuant to a waiver of service executed with plaintiffs. No such filing has been made.

The Proposed Counterclaim alleges that "[t]he dates of creation and first use in commerce of the Isis Cross Design both significantly predate the dates of creation and first use in commerce" of the design claimed by plaintiffs' Second Copyright (the "TT Split Design"). It further alleges that the TT Split Design is "confusingly similar and/or substantially indistinguishable from the Isis Cross Design" and that plaintiffs have employed it "so as to create a likelihood of confusion between Lin & J's Isis Cross products and Tory Burch's products."

Plaintiffs oppose defendants' motion with respect to the Proposed Counterclaim, arguing that it would be futile. Plaintiffs do not oppose defendants' request to file the Proposed Answer. Defendants' motion was fully submitted on May 6.

Fact discovery in this action closed on April 25. Expert discovery ends on July 25, and any motion for summary judgment is due September 6.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15, a response to an amended pleading is due within the time remaining to respond to the original pleading or within fourteen days after

4

service of the amended pleading, whichever is later.  Fed. R. Civ. P. 15(a)(3).  A defendant that has timely waived service may answer or otherwise respond to a complaint within sixty days after the request for waiver was sent.  Fed. R. Civ. P. 12(a)(1)(A)(ii).  Compulsory counterclaims must be stated in responsive pleadings; defendants have a right to include permissive counterclaims, as well.  Fed. R. Civ. P. 13.

Pursuant to Rule 15, "[a] party may amend its pleading once as a matter of course" within twenty-one days after service or twenty-one days after service of any responsive pleading.  Fed. R. Civ. P. 15(a)(1).  Courts in this Circuit have split as to whether an amended complaint gives a defendant who has answered a previous complaint a new opportunity to file any counterclaims as a matter of right, or whether such amendments as of right must be limited to new issues raised by the amended complaint.  See Christians of California, Inc. v. Clive Christian Furniture Ltd., 2014 WL 982889, at *2 (S.D.N.Y. Mar. 11, 2014).

Any other amendment requires the opposing party's written consent or leave of court.  Rule 15 instructs that "[a] court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); accord Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013).  While this rule is founded on a "policy in favor of granting leave to amend," Jaser v. N.Y. Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987),

5

a motion to amend may be denied for "futility, bad faith, undue delay, or undue prejudice to the opposing party." Doninger v. Niehoff, 642 F.3d 334, 357 (2d Cir. 2011) (citation omitted). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." Lotes Co., Ltd. v. Hon Hai Precision Indus. Co., --- F.3d ---, 2014 WL 2487188, at *18 (2d Cir. June 4, 2014) (citation omitted). "Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

When determining whether allegations would withstand a motion to dismiss under Rule 12(b)(6), a court must accept as true all allegations in the complaint and draw all reasonable inferences in the plaintiffs' favor. Keiler v. Harlequin Enters. Ltd, --- F.3d ---, 2014 WL 1704474, at *3 (2d Cir. May 1, 2014). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (citation omitted). Accordingly, a

6

court may disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.

Applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Plausibility depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013) (citation omitted). Although the focus should be on the pleadings in considering a motion to dismiss, the court will deem the complaint to include "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted).

I.  **The New LJ Defendants**

The parties do not address the fact that the New LJ Defendants have never answered the Second Amended Complaint. The Court construes the instant motion, as to the New LJ Defendants, as a motion for extension of time to answer or otherwise respond to the Second Amended Complaint. The Court grants New LJ Defendants fourteen days from the date of this

Opinion to file a responsive pleading.  No pleadings may be amended -- by any party -- after this date.

## II.  Lin & J and Kim

Lin & J and Kim were required to file an answer to the Second Amended Complaint within fourteen days of service.  The Court construes their instant motion, with respect to the Proposed Answer, as a motion for extension of time.  Because this motion was brought ten days after this time expired, Lin & J and Kim must establish that they "failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  In determining whether excusable neglect has been shown, courts are to consider four factors:

> (1) the danger of prejudice to the party opposing the extension; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking the extension; and (4) whether the party seeking the extension acted in good faith.

In re American Express Fin. Advisors Sec. Litig., 672 F.3d 113, 129 (2d Cir. 2011) (citation omitted).  "[T]he ultimate determination depends upon a careful review of all relevant circumstances."  Id. (citation omitted).

Here, excusable neglect has been shown.  The length of the delay, ten days, is relatively small, and there is no impact on these proceedings.  The reason for the delay, in particular, supports an extension, as Lin & J and Kim sought consent from

plaintiffs to file these pleadings six days after the Second Amended Complaint was filed; it took plaintiffs sixteen days to decide not to consent, during which time Lin & J and Kim's time to file an answer in response to the Second Amended Complaint expired.  Less than a week later, Lin & J and Kim brought the instant motion for leave.  Finally, Lin & J and Kim have acted in good faith.  Accordingly, Lin & J and Kim are granted leave to file the Proposed Answer within fourteen days from the date of this Opinion.

Leave is denied, however, with respect to Lin & J and Kim's request to add the Proposed Counterclaim.  The request is untimely and it would be futile.[1]  Lin & J and Kim contend that they have adequately alleged that the TT Split Design is not "original" and therefore not eligible for copyright protection.  They have not.

It is true that, "[t]o qualify for copyright protection, a work must be original -- that is, it must be independently created by the author and possess at least some minimal degree of creativity."  <u>Scholz Design, Inc. v. Sard Custom Homes, LLC</u>,

---

[1] Whatever right Lin & J and Kim had to timely amend their counterclaims after plaintiffs filed the Second Amended Complaint, the period for such amendment expired before the instant motion was filed.  Lin & J and Kim do not contend that they may amend as of right, and the Court declines to construe the instant motion as a motion to extend Lin & J's and Kim's time to file the Proposed Counterclaim.

9

691 F.3d 182, 186 (2d Cir. 2012) (citation omitted).  But, "[o]riginality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying."  Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 110 (quoting Feist Publications, Inc. v. Rural Telephone Serv. Co., Inc., 499 U.S. 340, 345 (1991)).  Thus, if "two poets, each ignorant of the other, compose identical poems, . . . both are original and, hence, copyrightable."  Christian Louboutin S.A. v. Yves Saint Laurent America Holdings, Inc., 696 F.3d 206, 224 n.20 (2d Cir. 2012) (quoting Feist, 499 U.S. at 346).

Defendants' Proposed Counterclaim alleges that the Isis Cross Design predated the TT Split Design and that the two are "confusingly similar and/or substantially indistinguishable," but defendants do not allege that Tory Burch actually copied the Isis Cross Design.  Defendants do not even allege that Tory Burch was aware of the Isis Cross Design until after the TT Split Design was created.  As a result, they have failed to plead a claim of invalidity.

In their reply, defendants do not request an opportunity to amend their Proposed Counterclaim.  Instead, defendants argue that they "clearly claim that [the TT Split Design] is, in fact, a copy of the Isis Cross Design."  To the extent defendants mean

that they have alleged actual copying, they are mistaken.[2] Defendants' allegations that plaintiffs have used the TT Split Design in such a way "as to create a likelihood of confusion between Lin & J's Isis Cross products and Tory Burch's products," and that plaintiffs have willfully infringed defendants' trademark, do not concern the manner in which the TT Split Design was created and so do not adequately plead actual copying.  Indeed, defendants effectively concede this point when they admit that they have not alleged that plaintiffs fraudulently misrepresented authorship of the TT Split Design to the Copyright Office.  Although substantial similarity of two products may be probative of actual copying, see Zalewski v. Cicero Builder Dev., Inc., --- F.3d ---, 2014 WL 2521388, at *3 (2d Cir. June 5, 2014), and may in some circumstances provide a good faith basis for an allegation of actual copying, it is not a substitute for such an allegation.[3]  Accordingly, Lin & J and

---

[2] Defendants' statement that they claim plaintiffs' design "is, in fact, a copy of the Isis Cross Design" is ambiguous as to whether defendants contend there was actual copying.  The later poem hypothesized in Feist may be said to be a "copy" of the earlier, even though its poet generated it independently, and not through copying.

[3] For the plaintiffs to succeed on their claim of copyright infringement, plaintiffs will have to show that they possess a valid copyright.  As a consequence, the parties will have an opportunity to litigate the validity of the Second Copyright in the context of the plaintiffs' claim of infringement.

11

Kim's request for leave to amend their counterclaims by adding the Proposed Counterclaim is denied as untimely and as futile.

## CONCLUSION

Defendants' March 31, 2014 motion for leave to file their Second Amended Answer with Counterclaim is granted in part.  LJ Brand, Inc. and NJ Lin & J International, Inc. shall answer the Second Amended Complaint within fourteen days.  Lin & J International, Inc. and Youngran Kim shall file and serve their Proposed Answer by the same date; their request for leave to file an amended counterclaim is denied.  No further amendments to the pleadings, by any party, shall be permitted after that date.

SO ORDERED:

Dated:    New York, New York
          June 24, 2014

_____
                    DENISE COTE
            United States District Judge